```
                            United States Bankruptcy Court
                                  District of Wyoming
In re:                                                           Case No. 16-20723-cdp
Dennis Lee Abramson                                              Chapter 7
        Debtor
```

## CERTIFICATE OF NOTICE

```
District/off: 1089-2          User: admin              Page 1 of 1            Date Rcvd: Dec 29, 2016
                              Form ID: 318             Total Noticed: 13

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 31, 2016.
db           #+Dennis Lee Abramson,    914 Converse Ave.,    Cheyenne, WY 82001-5237
1131302       +AT&T Mobility,    c/o Business Bankruptcy,    PO Box 769,   Arlington, TX 76004-0769
1131310       +Albany County Circuit Court,    525 Grand Ave.,   Room 400,   Laramie, WY 82070-3851
1131307       +EOS CCA,    PO Box 981008,   Boston, MA 02298-1008
1131309       +Ivinson Memorial Hospital,    255 N. 30th Street,    Laramie, WY 82072-5195
1131311       +Kelli DeCora,    512 S. Pine St.,    Laramie, WY 82072-7018

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            EDI: IRS.COM Dec 29 2016 22:53:00       Internal Revenue Service,    PO Box 7346,
                Philadelphia, PA   19101-7346
1131306       +E-mail/Text: nestar@acsiwest.com Dec 29 2016 22:56:27       American Collection Systems, Inc.,
                407 S. 21st Street,    Laramie, WY 82070-4323
1136961        EDI: CAPITALONE.COM Dec 29 2016 22:53:00       Capital One Bank (USA), N.A.,    PO Box 71083,
                Charlotte, NC   28272-1083
1131303       +EDI: CAPITALONE.COM Dec 29 2016 22:53:00       Capital One Bank USA,    PO Box 30285,
                Salt Lake City, UT 84130-0285
1131308       +E-mail/Text: legal.filing@mycollectioncenter.com Dec 29 2016 22:56:24
                Collection Center of Wyoming,    PO Box 4000,   Rawlins, WY 82301-0479
1131304       +EDI: RCSFNBMARIN.COM Dec 29 2016 22:53:00       Credit One Bank,    PO Box 98872,
                Las Vegas, NV 89193-8872
1131305       +E-mail/Text: jutru70@gmail.com Dec 29 2016 22:56:28       Emergency Physicians of Laramie,
                3908 Grand Ave. #201,    Laramie, WY 82070-5174
                                                                                               TOTAL: 7

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 31, 2016                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 28, 2016 at the address(es) listed below:
              David McCarthy    on behalf of Debtor Dennis Lee Abramson david@dmpclaw.com,   office@dmpclaw.com
              Tracy L. Zubrod    tzubrod@zubrodlawofficepc.com,   wy08@ecfcbis.com;jjaques@zubrodlawofficepc.com
              US Trustee    USTPRegion19.cy.ecf@usdoj.gov
                                                                                               TOTAL: 3
```

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Dennis Lee Abramson** <br> First Name   Middle Name   Last Name | Social Security number or ITIN   **xxx–xx–7371** <br> EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2 <br> (Spouse, if filing) | _____ <br> First Name   Middle Name   Last Name | Social Security number or ITIN   _ _ _ _ <br> EIN   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court   **District of Wyoming** | | |
| Case number:   **16–20723** | | |

## Order of Discharge                                                                                          12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Dennis Lee Abramson
aka Abe Abramson

<u>12/28/16</u>                                                                  **By the court:**   <u>Cathleen D. Parker</u>
                                                                                                United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318                                  **Order of Discharge**                                        page 1

**Some debts are not discharged**

Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**